UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14359-CV-ROSENBERG
(CASE NO. 15-14057-CR-ROSENBERG)
MAGISTRATE JUDGE DAVE BRANNON

MICHAEL EDWIN HARDING,

       Movant,

vs.

UNITED STATES OF AMERICA,

       Respondent.

_____/

**UNITED STATES OF AMERICA'S PRE-HEARING NARRATIVE STATEMENT**

The United States submits this Pretrial Narrative Statement.[1]

**A.**    **Brief General Statement of the Case**

The Movant, MICHAEL EDWING HARDING, moved to vacate, set aside, or correct his conviction in a motion filed on September 4, 2018 (DE: 1). Movant presented eight distinct claims for relief and requested an evidentiary hearing (*Id.*). On October 29, 2018, the United States filed a response to each of those eight claims (DE: 6). On January 4, 2019, Movant filed a reply to the United States' response (DE: 13). On May 18, 2019, the Court filed an order appointing counsel and setting an evidentiary hearing for only Movant's claim that his defense counsel was ineffective for failing to raise objections to the Presentence Investigation Report ("PSI") and for abandoning

---

[1] Documents filed in this civil case will be referred to as "DE:" followed by the appropriate docket entry number. Documents filed during the Movant's criminal proceedings will be referred to as "*Cr*DE:" followed by the appropriate docket entry number.

1

raised objections at sentencing without his assent (DE: 17).  The Court found that the other claims raise by Movant did not warrant a hearing (*Id.*).

Movant claims that his defense counsel was ineffective for failing to raise or abandoning objections to the following portions of the PSI (See DE: 1-1; p. 10-15, 19-21):

(1) 4 level enhancement for material portraying sadistic, masochistic or other depictions of violence, as listed in paragraph 30 of the PSI;

(2) 5 level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, as listed in paragraph 31 of the PSI;

(3) 5 level enhancement based on the offense involving 600 or more images, as listed in paragraph 33 of the PSI;

(4) 5 level enhancement based on the Chapter Four enhancement for engaging in a pattern of activity involving prohibited sexual conduct, as listed in paragraph 38 of the PSI.

**B.     Narrative Written Statement of Facts to be Demonstrated by the Evidence**

At the evidentiary hearing, the United States expects the evidence to prove three facts:  (1) Mr. Peacock provided Movant with effective assistance of counsel; (2) Movant's claim lacks credibility, and (3) Movant's claims would not have changed the result, in other words there was no prejudice.   The following facts will be proven through the testimony of Mr. Peacock, the evidence in the record, transcripts of the court hearings and the testimony of Agt. Brian Ray:

*1.     Mr. Peacock Provided the Movant with Effective Assistance of Counsel*

The United States expects the evidence to prove that Mr. Peacock provided effective assistance of counsel to Movant.  Mr. Peacock raised all legal objections that he could ethically raise. He communicated with the probation office and got them to lower the advisory guideline

range. He advocated for Movant and protected Movant from making admissions that could have been used against him in State Court. Mr. Peacock communicated with Movant about his legal options, the calculation of the guideline range, and the benefits of entering a no contest plea.

Mr. Peacock had reviewed the discovery in the case and recognized that there were facts upon which Movant could be found guilty of capital sexual battery in State Court. Mr. Peacock was aware that the State of Florida was intent on bringing charges against Movant for multiple counts of capital sexual battery, which provided for a mandatory life sentence.

Mr. Peacock's intent was to attempt to convince Judge Rosenberg that a life sentence for the federal case was not appropriate. He wanted to put Movant in as good a light as possible and he wanted to reduce the guideline range as much as he could with a reduction for acceptance of responsibility. He also recognized that Movant would still want to contest the State of Florida case. That was at the heart of the request to get a no contest plea to Counts 5 and 6. Mr. Peacock explained to Movant multiple possible scenarios and options in his case. Peacock discussed the strategy with Movant who understood the principles, factual situation, and the legal implications when it came to sentencing. Movant agreed with the strategy. And movant understood that the plea of no contest had the same validity as any other guilt findings by the Court.

Movant was willing to admit guilt to the first four counts of the Superseding Indictment. But Movant could not admit guilt to the facts supporting Counts 5 and 6, because admitting those facts could have been used against him in State Court. Count 5 alleged enticement and was based upon chat conversations Movant had with another individual. Within those messages, Movant admitted to performing sex acts with one of his step-daughters. Admitting he made those statements would have been strong evidence that he committed a capital sexual battery on a minor under 12 years of age, which is an offense that carries a mandatory life sentence in the State of

Florida. Count 6 alleged production of child pornography based upon an image found on Movant's phone. He had video-taped his step daughter performing oral sex on him. Admitting he produced the image would have been damning evidence that he committed sexual battery on a minor less than 12 years of age, which is an offense that carries a mandatory life sentence in the State of Florida. In short, admitting guilt to Count 5 or Count 6 would have resulted in a virtually certain life sentence in Florida State Court.

By following this strategy, with the agreement of Movant, Mr. Peacock secured Movant a three level reduction for acceptance of responsibility, without an admission of guilt to two counts, and without conceding to State charges that accused him of sexually battering his two step-daughters.

After the initial PSI was distributed, Mr. Peacock spoke with the probation officer who prepared the initial PSI and convinced him to eliminate the grouping calculation for the final PSI. That adjustment in the way the guidelines were calculated had the effect of lowering the total number of points. While it did not bring the final guideline calculation below a guideline range of life, it did make the raw calculation of points closer to a non-life guideline level and enable Mr. Peacock to make a stronger argument for a variance.

Mr. Peacock also filed a motion for downward variance and argued for the substantive unreasonableness of the advisory guideline range. Mr. Peacock later filed addendum objections to the PSI, because he had resolved the grouping issues with Probation and the defense was taking a position of not contesting facts within the narrative portion of the PSI (paragraphs 12-20, 31, 38-40, 46-49, 58). This was done in an attempt to avoid having the United States make a lengthy and detailed presentation of the facts. At the same time, Movant continued to maintain his position of "not guilty" regarding the pending State of Florida criminal charges in St. Lucie County, Florida,

4

Case No. 15-CF-2947.  Mr. Peacock agreed with the calculation of the PSI at the Sentencing Hearing.

Mr. Peacock had reviewed the evidence provided in discovery and knew that there was a factual basis for each of the facts recited in the PSI and each of the facts stated in support of the plea.  Mr. Peacock did not raise an objection to the 4 level assessment of points for sadomasochistic images or the 5 level enhancement based on the offense involving 600 or more images, because Mr. Peacock had no legal or factual reason to raise the objection.  Mr. Peacock had a discovery conference with the investigating agent Brian Ray.  During the conference, Mr. Peacock was shown the contraband images found in possession of Movant.  He saw the number of still images and videos depicting child pornography.  He specifically looked for the number of images and whether or not they include sadistic images.  The evidence contained 102 videos and 606 still images depicting minor children, including prepubescent children, engaging in sexually explicit conduct.  The evidence contained more than one sadistic image.  Mr. Peacock was also in possession of the forensic report produced by Agt. Ray.  Mr. Peacock reviewed the guidelines with Movant and it included discussion about these specific offense characteristics.  Movant would not have been able to review the images with Mr. Peacock at the jail because the images are contraband.

Mr. Peacock originally raised objections to the 5 level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor and the 5 level enhancement based on the Chapter Four enhancement for engaging in a pattern of activity involving prohibited sexual conduct.  The original denials were modified in the Defendant's Amended Objections to the Presentence Report to be "nolo contendere" objections, stating that Movant chose to not defend the allegations (*Cr.*D.E: 95).  The original objection was to the facts

5

underlying the enhancements. There was no legal objection because both enhancements could legally be applied in the same guideline calculation (See, *United States v. Carter*, 292 Fed.Appx. 16 (11th Cir. 2008); *United States v. Rothenberg*, 610 F.3d 621 (11th Cir. 2010); *United States v. McRee*, 625 Fed.Appx. 430 (11th Cir. 2015). The "nolo contendere" objection was maintained because an admission to the facts for that enhancement would be an admission to facts supporting the capital sexual battery case. The "nolo contendere" position was also taken with regard to the facts in the PSI so Movant would receive a three point reduction for acceptance of responsibility and to avoid a prolonged presentation of evidence if the facts had been denied. Movant agreed to this strategy.

Mr. Peacock did not merely abandon objections to the testimony of government witnesses. On the second day of the sentencing hearing, Mr. Peacock made hearsay and confrontation clause objections to the admissibility of Ashley's Harding's testimony regarding the statements of her children. The Court overruled the objection and considered the facts during sentencing. After imposition of the sentence, Mr. Peacock reiterated his objections to the hearsay nature of the evidence and lack of confrontation with regard to statements made by the two step-daughters of Movant. Mr. Peacock made reference to both the testimony of Sheila LaGrega and Ashley Harding. In response, the Court articulated that it had weighed all of the evidence when imposing sentence.

In his argument at the Sentencing Hearing, Mr. Peacock argued for a downward variance based on a recognition by the Sentencing Commission that the guideline range was too high for possession of pornography offenses. He asked Judge Rosenberg to allow Movant an opportunity to redeem himself in the future and not spend the rest of his life in prison. Mr. Peacock articulated how he attempted to resolve the case to avoid the necessity of having Movant's step-children

6

testify, but the federal government and local prosecutors rejected his attempts. He then argued that the imposition of a life sentence in federal court would result in a certain state trial, necessitating the testimony of the minor victims. He requested mercy so that one day Movant could have a second chance at life in order to redeem himself. After the sentence was imposed, Mr. Peacock objected to the life sentence as being arbitrary and excessive for the reasons he stated during the sentencing hearing and again pointed out that the Sentencing Commission had criticized the guidelines.

### *The Movant's Claims Lack Credibility*

a. <u>Sadomasochistic Images</u> – Movant's claims are contradicted by the transcript of the plea colloquy. Movant acknowledged during his plea colloquy that he had discussed how the guidelines might apply to his case and that he did not need any additional time to talk to his attorney. The factual basis for Count 4 included reference to the fact Movant was in possession of sadomasochistic images. Movant raised no issue with regard to these particular facts during the colloquy and pled guilty. Mr. Peacock had discussed the PSI with Movant after providing him a copy and explained how the guidelines applied to his case.

b. <u>Pattern of Sexual Abuse or Exploitation</u> – Movant's claim lacks any reference to a legal reason why this enhancement should not apply. He apparently takes issue with the factual basis for the enhancement. Testimony will be presented that Movant agreed with the strategy of not contesting these facts in the PSI.

c. <u>600 or More Images</u> – Movant's claim is contradicted by the transcript of the plea colloquy. Movant acknowledged during his plea colloquy that he had discussed how the guidelines might apply to his case and that he did not need any additional time to talk to his attorney. The facts supporting Count 4 in the PSI included reference to 606 still images and 102 videos depicting

minor children, including prepubescent children, engaging in sexually explicit conduct. Movant raised no issue with regard to these particular facts during the colloquy and pled guilty. Mr. Peacock had discussed the PSI with Movant after providing him a copy and explained how the guidelines applied to his case.

        d.        <u>Pattern of Activity Involving Prohibited Sexual Conduct</u> - Movant's claim lacks any reference to a legal reason why this enhancement should not apply. He apparently takes issue with the factual basis for the enhancement. Testimony will be presented that Movant agreed with the strategy of not contesting these facts in the PSI.

        **2.**        ***The Movant's Claims Would Not Have Changed the Result – Lack of Prejudice***

        a.        <u>Sadomasochistic Images</u> - The objective evidence supported an assessment of 4 points for an offense involving material that portrays sadistic or masochistic conduct or other depictions of violence, pursuant to § 2G.2.2(b)(4). First, Movant agreed, during the plea colloquy for Count 4 (possession of material involving sexual exploitation of minors), that images on devices found in his possession depicted sadomasochistic conduct. (*Cr*DE: 128; p.33-36). He plead *guilty* to Count 4. Movant would certainly have been in the best position to know the nature of what he possessed and viewed. Second, Movant agreed, during the plea colloquy for Count 2 (distribution of material involving sexual exploitation of minors), that the image he distributed depicted a prepubescent female being anally penetrated by an adult male penis as he ejaculated (*Cr*DE: 128; p.33-36). That image would constitute a sadomasochistic image. Third, the United States presented a video during the sentencing hearing that clearly depicted sadistic conduct. Exhibit 11 was presented to the Court. One of the videos on the CD showed a young, small, prepubescent minor being forcefully penetrated with a large sex toy by a man wearing a mask. Lastly, other evidence collected by law enforcement contains images of sadomasochistic conduct.

b.      <u>Pattern of Sexual Abuse or Exploitation</u> – Objective evidence supported an assessment of 4 points for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, pursuant to § 2G.2.2(b)(4).  The Court heard testimony from Det. Sheila LaGrega who provided the factual basis for how the defendant sexually battered his two step-daughters, based on statements taken from the victims and other evidence (*Cr*DE: 129; p.11-47). Danitz Byrd and Wayne Walker's testimony established that DNA from one of the defendant's step daughters was located on a sex toy and that the defendant's semen stains were found on a blanket.  Agt. Ray testified that the defendant's phone contained an image of the defendant receiving oral sex from his step-daughter.  The chat messages which are the basis of the enticement charge provided more than enough evidence of a separate pattern of prohibited sexual conduct to support additional assessments. The PSI lawfully includes the assessment of points for both the § 2G.2.2(b)(4) offense characteristics and the Chapter 4, § 4B1.5(b)(1) assessment.

c.      <u>600 or More Images</u> – Objective evidence supports an assessment of 5 points, pursuant to § 2G.2.2(b)(7)(D), because the defendant was in possession of 600 images or more images of child pornography.  First, the defendant admitted to as much by during the plea colloquy and pled *guilty* based on those facts (*Cr*DE: 128; p.33-36, 51-52).  Each of the videos is the equivalent to 75 still images, pursuant to § 2G.2.2, note 6(A)(B)(ii).  Therefore, the total number of images based on the number of still images and videos is 8,256, far in excess of the 600 image threshold.  Agt. Brian Ray can testify as to the number videos and still images on the electronic devices possessed by the defendant.

d.      <u>Pattern of Activity Involving Prohibited Sexual Conduct</u> - Objective evidence supported an assessment of 4 points for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, pursuant to § 4B1.5(b)(1).  The Court heard testimony from Det. Sheila

9

LaGrega who provided the factual basis for how the defendant sexually battered his two step-daughters, based on statements taken from the victims and other evidence (*Cr*DE: 129; p.11-47). Danitz Byrd and Wayne Walker's testimony established that DNA from one of the defendant's step daughters was located on a sex toy and that the defendant's semen stains were found on a blanket  Agt. Ray testified that the defendant's phone contained an image of the defendant receiving oral sex from his step-daughter. The chat messages which are the basis of the enticement charge provided more than enough evidence of a separate pattern of prohibited sexual conduct that would support additional assessments. The PSI lawfully includes the assessment of points for both the § 2G.2.2(b)(4) offense characteristics and the Chapter 4, § 4B1.5(b)(1) assessment.

    **C.**    **List of Exhibits**

1. Draft Presentence Investigation Report (*CrDE*: 82);
2. Defendant's Objections to the Presentence Report (*CrDE*: 86);
3. Presentence Investigation Report (Draft) (*CrDE*: 87);
4. Defendant's Motion for Downward Variance (*CrDE*: 92);
5. Defendant's Amended Objections to the Presentence Report (*CrDE*: 95);
6. Transcript of Calendar Call (2/17/16) (*CrDE*: 126);
7. Transcript of Status Conference (2/19/16) (*CrDE*: 127);
8. Transcript of Plea (2/22/16) (*CrDE*: 128);
9. Transcript of Sentencing (Volume 1) (5/16/16) (*CrDE*: 129);
10. Transcript of Sentencing (Volume 2) (5/23/16) (*CrDE*: 130);
11. Mr. Peacock's Case File (per office policy, Mr. Peacock has not provided a copy of the file to the United States. However, he will bring a copy of the file to the hearing).

    **D.**    **List of Witnesses**

The Government will call attorney Fletcher Peacock, Office of the Public Defender, 109 North Second Street, Fort Pierce, FL 34950. The Government anticipates that Mr. Peacock will testify about the following subjects: (1) his pre-plea discussions with the defendant; (2) his discussions with the defendant regarding the guideline calculations; (3) his pre-sentencing hearing discussions with the defendant, including their discussions about strategy; (4) his discussions with

the probation officer regarding the adjustment of the sentencing calculation; (5) his legal analysis of the guideline calculation; and (6) the legal and strategic reasons for abandoning objections to the PSI.

The Government will call Special Agent Brian Ray, Homeland Security Investigations, 505 S. 2nd Street, Suite 100, Fort Pierce, Florida. The Government anticipates that Agt. Ray will testify about the following subjects: (1) the forensic review of the electronic devices and storage media. (2) introduction of evidence during the sentencing hearing.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

        */s/Daniel E. Funk*
        Daniel E. Funk
        Assistant United States Attorney
        Court ID No. A5501915
        101 South U.S. Highway 1, Suite 3100
        Fort Pierce, Florida 34950
        Tel: (305) 905-7509
        daniel.funk@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic filing on August 30, 2019, on Defendant's counsel of record on the Service List below.

        s/*Daniel E. Funk*
        Daniel E. Funk
        Assistant United States Attorney

## SERVICE LIST

| Daniel E. Funk | Michael Bruce Cohen |
|---|---|
| Assistant U.S. Attorney | 6400 N. Andrews Avenue, Suite 505 |
| 101 South US Highway 1 Suite 3100 | Fort Lauderdale, FL 33309-9112 |
| Ft. Pierce, FL 34950 | 954-928-0059 |
| 305-905-7509 | mcohenlaw@aol.com |
| daniel.funk@usdoj.gov | Attorney for Michael E. Harding |
| Attorney for United States | |