UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14359-CV-ROSENBERG
(CASE NO. 15-14057-CR-ROSENBERG)
MAGISTRATE JUDGE WILLIAM MATTHEWMAN

MICHAEL EDWIN HARDING,

        Movant,

vs.

UNITED STATES OF AMERICA,

        Respondent.

_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO CLARIFY AND/OR EXPAND THE SCOPE OF EVIDENTIARY HEARING (D.E. 54)**

      COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully requests that this Court deny Movant's Motion to Clarify and/or Expand the Scope of Evidentiary Hearing (D.E. 54).[1] Movant seeks to expand the scope of the evidentiary hearing to include testimony regarding alleged misadvice of counsel, which is an issue Movant raised in Ground Two of Movant's original § 2255 Motion. The Court's Order Setting Evidentiary Hearing clearly defined the single issue to be addressed at the hearing: a claim of ineffective assistance of counsel for failure to raise objections to the Presentence Investigation Report ("PSI") and abandoning raised objections at sentencing without Movant's assent (D.E. 17). The Court's Order Setting Evidentiary Hearing stated that the Movant's additional claims did not warrant an evidentiary hearing (*Id.*). The record is sufficient for the Court to determine the issue

---

[1] All citations to the record in this Response refer to the docket entries in civil case 18-14359-CV-ROSENBERG.

1

of misadvice of counsel raised in Ground Two and it is not necessary for the Court to hear testimony regarding that issue. In support thereof, the United States states as follows.

On September 4, 2018, Movant filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his conviction (D.E. 1). Movant presented eight distinct claims for relief and requested an evidentiary hearing (*Id.*).[2] On October 29, 2018, the United States filed a response to each of those eight claims (D.E. 6). On January 4, 2019, Movant filed a reply to the United States' response (D.E. 13). On May 18, 2019, the Court filed an order appointing counsel and setting an evidentiary hearing for solely Movant's claim that his defense counsel was ineffective for failing to raise objections to the Presentence Investigation Report ("PSI") and for abandoning raised objections at sentencing without his assent (D.E. 17). The Court could not determine on the basis of the record whether trial counsel was constitutionally deficient in failing to raise and/or abandoning raised objections to the PSI at sentencing (*Id.*). The evidentiary hearing for that issue was warranted based on 28 U.S.C. § 2255; Rules Governing § 2255 Cases, Rules 8 and 10; *Aron v. U.S.*, 291 F.3d 708, 714-15 (11th Cir. 2002) (*Id.*).[3] The Court found that the other claims raised by Movant did not warrant a hearing (*Id.*). On August 29, 2019, Movant filed a Pre-Trial Narrative Statement (D.E. 26). On August 30, 2019, the United States filed a Pre-Hearing Narrative Statement (D.E. 27). After a series of multiple continuances, the evidentiary hearing date was

---

[2] Within Ground Two, Movant claimed his counsel's representation was ineffective because his counsel failed to properly advise him concerning the application of the federal sentencing guidelines, misadvised him about the consequences of his guilty plea and specifically failed to advise him about sex offender registration and possible civil commitment (D.E. 1-1: 4). Within Ground Four, Movant claimed that Counsel was ineffective for failing to raise and/or file objections to several enhancements set forth in the Presentence Investigation Report. In support of this claim, Movant alleged numerous instances in which his counsel failed to object or inadequately objected to enhancement in the Guidelines calculation (D.E. 1-1: 10-15).

[3] Section 2255 states: Unless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief, the court *shall* cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. 28 U.S.C. § 2255 (emphasis added).

reset for July 28, 2021 (D.E. 52). That date has since been cancelled. A status conference is set on June 21, 2021.

On May 28, 2021, Movant filed a Motion to Clarify and/or Expand the Scope of Evidentiary Hearing (D.E. 54).[4] Movant claims that the Court's Order Setting Evidentiary Hearing (D.E. 17) was ambiguous and arguably allowed Movant to address Ground Two at the hearing in addition to Ground Four. In the alternative, if the Court does not agree that the Order is ambiguous, Movant requests permission to present evidence addressing the issue of misadvice of counsel previously raised in Ground Two. Movant claims he would have gone to trial if his counsel had advised him he faced a presumptive guideline range of life and that the United States was seeking a life sentence, in light of the fact he believed he had an arguable defense to Count 5 – attempting to coerce and entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).[5]

Movant's motion to expand the scope of the evidentiary hearing should be denied. First, the Order setting the evidentiary hearing is not ambiguous. The Court made no mention of misadvice of counsel when articulating the scope of the hearing. Clearly the scope of the hearing parallels the issue raised in only Ground Four, which deals only with raising or abandoning objections to the PSI. Second, the issue of misadvice of counsel was addressed by the Court in its Order when the Court stated: "Harding raises additional claims which do not warrant an evidentiary hearing." The evidentiary hearing is not warranted because the misadvice of counsel issue raised in Ground Two was adequately addressed by the United States in the United States'

---

[4] The United States' position is that Movant is not requesting to amend the Section 2255 Motion before the Court pursuant to Rule 15(c) of the Federal Rules of Civil Procedure (D.E. 54: 13). Movant asserts that he is requesting to expand the scope of the evidentiary hearing to encompass the issues already raised in Ground Two (D.E. 54: 13-14).
[5] Movant asserts in his motion that the issue is not whether Movant would have won acquittal as to Count 5 (D.E. 54: 17). Rather, Movant is asserting that he would have gone to trial, but for counsel's misadvice regarding his potential sentence (*Id.*: 17-18). Movant claims that he was assured by his trial counsel that the Guidelines would never justify a life sentence (D.E. 54: 17). This claim is clearly contradicted by the transcript of the plea colloquy in which Movant affirmed that no one had made him any assurances of any kind (D.E. 6-4: Appendix/Transcript p. 8).

Response to Movant's Motion Pursuant to 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence (D.E. 6: 26-30), which the Court thoroughly reviewed prior to issuing the Order Setting Evidentiary Hearing. The Court's determination of the issue can be based upon the current record, which includes documents and transcripts included with the United States' Response (D.E. 6: Attachments 1-13).

Movant's motion to expand the scope of the evidentiary hearing essentially reiterates the claims he made in the Addendum to his original § 2255 motion (D.E. 1-1: 4-9). However, he does more particularly articulate how he allegedly believed he would have had an arguable defense to the enticement charge (Count 5) at trial. Movant characterizes his chat conversations with "daddydearaimee" as "idle conversation." (D.E. 54: 3). Movant claims the conversations were not about intending to perform sex acts in the future, did not express an interest in having sex with the minor, were not intended to cause assent, and did not ask "daddydearaimee" to prepare or instruct the child regarding the sexual encounter (*Id.*: 16-17).

The record clearly contradicts this characterization. Movant initiated a conversation about exchanging minor children for the purpose of engaging in sexual acts, provided real biographical information, described how he sexually abused his own 9-year-old stepdaughter, offered her in the exchange and then carried on logistical conversations about actually meeting in person. At the change of plea hearing, Movant did not contest the accuracy of the following facts regarding Count 5 and pled no contest (D.E. 6-4: 38-40):

> Michael Harding, between August 12, 2015 and September 10, 2015, engaged in chat conversations with a single individual having the Kik Messenger screen name "daddydearaimee" and the Skype screen name "Mel M."
>
> The text conversations occurred on the Kik Messenger application, and the Skype application, on Michael Harding's LG-D800 cell phone and Samsung cell phone. The person with whom Michael Harding was having the conversation, hereinafter referred to as "daddydearaimee," told Michael Harding that he had a seven year old

daughter and a 12 year old daughter. "Daddydearaimee" sent Michael Harding non-nude pictures of two girls he stated were his minor children. The two girls shown in the images are clearly minor females.

"Daddydearaimee" claimed he had performed sex acts on both of his own minor children. Michael Harding stated that he had previously engaged in sexual acts with his nine year old stepdaughter.

Michael Harding initiated a conversation about exchanging their minor children for the purpose of engaging in sexual acts. Michael Harding graphically described the sex acts he had performed on his stepdaughter. Michael Harding sent "daddydearaimee" non-nude images of both of his stepdaughters showing their bodies, without showing their faces. One of the images showed the face of Michael Harding's nine year old stepdaughter, the one that Michael Harding proposed swapping for sex.

Michael Harding provided real biographical information about himself, including his age, residence and the composition of his family. He had detailed conversations with "daddydearaimee" regarding where they would meet and how Michael Harding would explain to his wife he was traveling alone with his nine year old stepdaughter.

In carrying on these conversations, Michael Harding did attempt to entice the minor child of "daddydearaimee" to engage in sexual acts that would constitute a violation of Florida law.

Movant's characterization of his conversation with "daddydearaimee" as "idle conversation" is implausible considering the facts of the case and the nature of the counts to which he admitted guilt and pled no contest. He participated in chat conversations about sexually abusing children and specifically discussed having sex with his own minor stepdaughter (Count 5). He collected still images and video images of child pornography (Count 4). He distributed child pornography (Counts 1-3). He produced an image of his stepdaughter actually performing oral sex on himself (Count 6). Based on the totality of the circumstances, any jury would have clearly understood that Movant took substantial steps, indicating a genuine intent, to have "daddydearaimee" provide his minor children to engage in sex acts with Movant.

5

The Court clearly did not rule that an evidentiary hearing was warranted, regarding Ground Two, based on the Rules Governing § 2255 Cases. The Court's Order Setting Evidentiary Hearing clearly does not allow for testimony regarding Ground Two. The record is already sufficient for the Court to determine the misadvice of counsel issue raised in Ground Two.

WHERFORE, the United States respectfully requests that Movant's motion be denied.

Respectfully submitted,

JUAN ANTIONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

/s/Daniel E. Funk
Daniel E. Funk
Assistant United States Attorney
Court ID No. A5501915
500 S. Australian Ave. Ste. 400
West Palm Beach, FL 33401
Tel: (305) 905-7509
daniel.funk@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic filing on June 11, 2021 on the defendant's counsel of record in the Service List below.

s/*Daniel E. Funk*
Daniel E. Funk
Assistant United States Attorney

## SERVICE LIST

| Daniel E. Funk | Charles G. White, Esq. |
|---|---|
| Assistant U.S. Attorney | 1031 Ives Dairy Road, Suite 228 |
| 500 S. Australian Ave. Ste. 400 | Miami, FL 33179 |
| West Palm Beach, FL 33401 | 305-914-0160 |
| 305-905-7509 | cgwhitelaw@aim.com |
| daniel.funk@usdoj.gov | Attorney for Michael E. Harding |
| Attorney for United States | |