```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
 2                      FORT PIERCE DIVISION

 3                  CASE NO. 15-CR-14057-ROSENBERG

 4

     UNITED STATES OF AMERICA,        .
 5
          Plaintiff,                  .
 6
              vs.                     .
 7
                                      .
     MICHAEL HARDING,                 .  Fort Pierce, FL
 8                                    .  February 17, 2016

 9   Defendant.                       .

10
                TRANSCRIPT OF STATUS CONFERENCE
11          BEFORE THE HONORABLE ROBIN L. ROSENBERG
                 UNITED STATES DISTRICT JUDGE
12

13

14   APPEARANCES:

15

16   FOR THE PLAINTIFF:        DANIEL FUNK
                               RUSSELL KILLINGER
17                             United States Attorney's Office
                               101 S. U.S. Highway 1
18                             Suite 3100
                               Fort Pierce, FL 34950
19                             305-905-7509

20   FOR THE DEFENDANTS:       FLETCHER PEACOCK, ESQ.
                               Federal Public Defender's Office
21                             109 North 2nd Street
                               Fort Pierce, FL 34950
22                             772-489-2123

23   Official Court Reporter:  Pauline A. Stipes
                               Fort Pierce/West Palm Beach
24                             772-467-2337
                               HON. ROBIN L. ROSENBERG
25
```

Pauline A. Stipes, Official Federal Reporter

AO386-C

GOVERNMENT
EXHIBIT

CASE
NO.   18-CV-14359-RLR

EXHIBIT
NO.   6

 1              THE COURT:  Good morning.  You all may be seated.

 2              We will take up the calendar call.  Okay.

 3              Let's start with United States versus Michael Edwin

 4    Harding, Case Number 15-CR-14057.

 5              If we could have all counsel state their appearance.

 6              MR. KILLINGER:  Russell Killinger and Daniel Funk.

 7              MR. PEACOCK:  Good morning, Your Honor, Fletcher

 8    Peacock appearing by phone.

 9              THE COURT:  Where are you?

10              MR. PEACOCK:  I am on my way to West Palm, I have a

11    Judge Middlebrooks hearing this morning, Your Honor.

12              THE COURT:  All right.  Last word we had from

13    everybody -- it has quite a history, but to summarize, my

14    understanding is, it is the third time up, speedy trial runs on

15    4/3/16.  Per email from the Government on 2/11/16, the

16    Government is prepared for trial, and per email from Defense on

17    2/12, the Defendant did not plan to request any further

18    continuances, and there was a discussion about whether DNA

19    evidence had been fully exchanged and evaluated.

20              And perhaps that, Mr. Peacock, you were going to file

21    something at close of business on Tuesday with regard to an

22    Alford plea.  I have not seen that yet, I am having a problem

23    pulling up something on my iPad.

24              MR. PEACOCK:  I didn't.  I was concerned about press

25    coverage if I did that, and so, on second thought, I decided

1    not to.  I wanted to raise it ore tenus for the Court.

2           We discussed the possibility of having some publicity

3    issues with this case before, and I didn't want to exacerbate

4    that with that type of motion.  I did not file anything in

5    writing.

6           *THE COURT:*  Okay.

7           So, what are we doing today?

8           Are both sides ready to go?  Has DNA been fully

9    exchanged and evaluated?

10          *MR. PEACOCK:*  If I may, Judge, once again, Fletcher

11   Peacock by phone.

12          I believe we are on schedule, if the case is tried, to

13   do it on the 22nd.  I don't want a continuance.

14          I would note this, Your Honor, I think you indicated

15   speedy trial ran on 4/3.  I think speedy trial has been tolled

16   at this point and is not running, so the Court knows.

17          I don't have in front of me what the computations are.

18   They were in my last motion for a continuance, and I think

19   those remain the same since that time, just to address that.

20          Secondly, as the Court is, I think, aware, this case

21   is unusual because there is a pending State case.  When I say

22   pending, we know there are charges that are going to be filed,

23   and those charges carry a potential penalty of mandatory life.

24          They are intertwined with the case before Your Honor.

25   That puts Mr. Harding in a difficult position in regard to a

1    plea, in particular with regard to the count that charges

2    production, and potentially to the other count, the charge of

3    possession as well.

4           Because if he were to enter a conventional plea, I

5    believe that could be used as an admission in the State Court

6    proceeding and we are not prepared to do that.

7           I discussed this with the Government.

8           The Government and I discussed the possibility of

9    entering a no contest plea.  Not necessarily a all forward

10   plea, but a no contest plea where Mr. Harding not necessarily

11   maintains innocence, but does not enter a traditional guilty

12   plea.

13          I think the Government objects to that, but the Court,

14   according to my research and I think the Government's research,

15   has the ability to accept a no contest plea over the

16   Government's objection if it thinks it is in the best interest

17   for the Court and the case.

18          And so, I am asking the Court to accept that type of a

19   plea in this case due to the unusual circumstances involving

20   the State case which is pending in St. Lucie County.

21          THE COURT:  Is this as to all the counts or just as to

22   one or certain of the counts?

23          MR. PEACOCK:  Well, definitely as to the production

24   count, which is the last count of the superseding indictment.

25          THE COURT:  Production is Count 6.  Is that Count 6?

Pauline A. Stipes, Official Federal Reporter

1          MR. PEACOCK:  Yes, ma'am.

2          With regard to the other counts, there is an

3     enticement count, and it need not apply to that.  Mr. Harding

4     could enter a straight up guilty plea to that.

5          The next thing is a distribution, receipt and

6     possession count.

7          If the factual colloquy were to include certain items,

8     we would be in the same position with regard to those counts.

9          Now, I don't think a factual colloquy needs to include

10    specific pictures, specific images.  I think a factual colloquy

11    is sufficient because the statute is violated by possession of

12    a medium containing, and the indictment notes the mediums that

13    the Government is charging; one, the thumb drive, and so on,

14    and they are specifically identified.

15         THE COURT:  Okay.

16         So, to summarize my understanding of what you are

17    raising is that -- are you suggesting to the Court that Mr.

18    Harding is prepared to enter a plea of guilty as to all counts

19    other than Count 6 to which he would want to enter a no contest

20    plea?

21         MR. PEACOCK:  That is correct.

22         THE COURT:  Okay.  And he would be prepared to do this

23    when?

24         MR. PEACOCK:  Well, last I heard, he is in Palm Beach

25    County, I don't know if they moved him or not.  I discussed

```
 1    that with the Marshals yesterday, and they indicated that they

 2    would move him, but they won't indicate exactly when.

 3         So, I would think if we did this, it could be as early

 4    as Friday or perhaps Monday.

 5         THE COURT:  Okay.

 6         So, what does the Government have to say about the

 7    suggestion of a no contest plea as to Count 6?

 8         I will clear the record for Mr. Peacock to say I did

 9    not see a lot of no contest pleas in State Court.  So, it is

10    not something that is kind of a second nature --

11         MR. PEACOCK:  Oh, I understand.

12         THE COURT:  -- to me, just for the record.

13         So, does the Government have a position on that?

14         MR. KILLINGER:  As a general consideration, the

15    Government does not agree to them.  There are any number of

16    reasons.

17         When an individual enters a plea and does not admit

18    publicly the underlying facts of the offense -- and as you can

19    see from the statements that Mr. Peacock made, one of the

20    issues in even going forward to the plea to the possession

21    count is one of the images that the Government would proffer,

22    whether it be -- well, we would prove it at trial.  If it goes

23    to trial we would offer it as proof.

24         One of the images was an image of his then eight year

25    old stepdaughter performing oral sex on him.
```

Pauline A. Stipes, Official Federal Reporter

```
 1              I disagree that all we have to do is allege the medium
 2     where the images were contained.  We have to prove they were
 3     child pornography, and the way he is charged in the possession
 4     count in this case, we further have to prove the aggravated
 5     penalty in the case that it was a child, a minor under 12 years
 6     old, which that image -- and we have to prove that he knew that
 7     it was child pornography.
 8              So, we do have to go forward, and we do have to at
 9     least satisfy to the Court, we have to satisfy to the jury,
10     that the these are child pornography images.
11              I don't think it is sufficient to just say that he
12     possessed a thumb drive with a bunch of child pornography on it
13     without giving a further description of some, certainly not
14     all.  For that issue, we do.
15              I understand the Defense proposition.  We talked about
16     this and talked about this and talked about this.
17              The Court obviously has discretion to entertain a no
18     contest plea in extraordinary circumstances.
19              The problem here is we have a situation where Mr.
20     Harding is not contesting the factual basis for the plea, but
21     at the same time, he is not admitting his guilt either.
22              Your Honor can find him guilty based on the factual
23     basis, and the Government -- I would request of the Court that
24     the Government be allowed to present an extensive factual
25     basis.  There are six different counts in this and defense --
```

Pauline A. Stipes, Official Federal Reporter

1    over a long period of time, there are a lot of text messages.

2            If Your Honor is going to accept a no contest plea to

3    protect the public, so the public doesn't get the impression

4    that the Government has a weak case or just a technical case,

5    and we are doing this as a matter of convenience for the

6    Government, it is not a matter of convenience for the

7    Government.

8            If anything, it is a matter of convenience for the

9    Defendant, and we would ask we be allowed to present a full

10   factual proffer to support all of the charges in the case.

11           The other thing is, I am a little -- still not sure

12   whether the intent is to plead no contest to all the charges or

13   guilty to some charges or no contest --

14   THE COURT:  I understood Mr. Peacock to say the

15   proposal is that Mr. Harding would be pleading guilty to Counts

16   1 through 5 and no contest to 6.

17           Is that what -- do I have that correct, Mr. Peacock?

18   MR. PEACOCK:  Your Honor, yes, you do, but then, once

19   again, it does depend on the factual proffer the Government

20   puts forth.

21   THE COURT:  With all the discussions that both counsel

22   have had, has anything been prepared in writing as far as a

23   stipulated set of facts or factual proffer, albeit one perhaps

24   Defense is not going to sign, but at least there is a

25   recognition of the Government's proffered facts?

1          Mr. Killinger is shaking his head no.

2          MR. KILLINGER:  It has not.  It should be done in a

3    fairly short fashion, but it has not been done, no, we have

4    been preparing for trial.

5          THE COURT:  Right, right.

6          As you know, the standard colloquy in the pleas would

7    be that I would ask the Government to -- if there is not a

8    written agreed upon factual statement, and even if there is, I

9    have it presented in Court, particularly if there is not

10   anything in writing, a presentation by the Government as to two

11   different components:

12         One, the nature of the counts, the claims, what are

13   they, the counts, and what are the essential elements, and I

14   ultimately look to the Defense to acknowledge that those are

15   the essential elements and the Government would have to prove

16   that beyond a reasonable doubt, and the Defendant is giving up

17   that right to be able to do that.

18         And I have the Government proffer all of the facts,

19   and particularly the facts that it believes will support the

20   essential elements of the crimes, and then I turn to both you,

21   Mr. Peacock, and the Defendant for an acknowledgment that those

22   are the facts, that defense acknowledges that the Government

23   could prove those facts if the case went to trial, and that

24   they do support the essential elements of the crime such that

25   the Court could make a finding as such.

```
 1           So, it seems to me, without a full discussion between

 2      counsel of exactly what those facts are that would be

 3      proffered, it is a little uncertain as to whether a plea could

 4      actually go forward.

 5           This is separate and apart from the no contest.  I am

 6      just talking about the first five counts.

 7           It sounds like until you all have spoken and the

 8      Government explains exactly what counts it believes -- what

 9      facts it needs to proffer, I don't want to find ourselves in a

10      plea and there are facts that you just don't feel comfortable

11      accepting as ones that the Government could prove beyond a

12      reasonable doubt for the reasons you articulated, because

13      perhaps of the consequences it may have in the State Court

14      proceedings.

15           I certainly understand it, but I want to avoid the

16      situation where we set up a plea and it doesn't go.

17           It seems to me, as to the first five counts, there

18      would seem to be a need for more discussion between counsel and

19      a better understanding of what Mr. Killinger and Mr. Funk would

20      be presenting, and, Mr. Peacock, you are comfortable

21      recognizing, yes, those are the facts, and the Government could

22      prove them and they meet the elements of the crime.

23           MR. PEACOCK:  I was going to say in response, Your

24      Honor, if I may, we really have been working on this, Judge, I

25      want the Court to know that.  We had a lot of discussions as to
```

```
 1    how this might work.
 2            I don't think we anticipated coming up with a factual
 3    scenario, but we can do that in short order.
 4            THE COURT:  Okay.
 5            MR. PEACOCK:  I want the Court to understand the
 6    Defense is not suggesting there are not sufficient facts in the
 7    record for which the Court could find a guilty plea.
 8            So, there are plenty of facts, independent of the
 9    State situation, which meet the elements of the offenses.  I
10    think we both agree on that.
11            It is whether we can call cull those things out, and
12    we can work on that.  I don't see any reason why we couldn't
13    have that by the end of business today if we can do it.  We
14    will know we can't do it or we can.
15            THE COURT:  Okay.
16            MR. KILLINGER:  I want to circle back.  Your Honor
17    keeps mentioning Counts 1 through 5, and Mr. Peacock in his
18    initial discussion with the Court also suggested --
19            MR. PEACOCK:  If Mr. Killinger could speak into the
20    microphone.
21            MR. KILLINGER:  Sorry, Mr. Peacock.  Can you hear me
22    now?
23            MR. PEACOCK:  Yes.
24            MR. KILLINGER:  I want to clarify, Mr. Peacock in his
25    initial comments discussed as a potential count or charge to
```

```
 1    which he might want to entertain a no contest plea would be the
 2    possession count.
 3            As I indicated, because that -- there is one
 4    particular image that is absolutely troubling on any number of
 5    levels to Mr. Harding, and vis-a-vis his State case.
 6            I think at the end of the day -- Mr. Peacock, correct
 7    me if I am wrong -- if the Government insisted on proffering,
 8    submitting that image that I have described, then you would
 9    only be in a position to enter a no contest plea and not a not
10    guilty plea.
11            MR. PEACOCK:  I think we are talking about the same
12    images.  We would not concede that image, no.  We could
13    concede -- I think there are sufficient images which we could
14    concede on the counts, but that image, no.
15            THE COURT:  Is that image as to Count 4, possession,
16    and Count 6, production?
17            MR. PEACOCK:  It is definitely in regard to Count 6,
18    production, and could be as to Count 4, but, Your Honor, there
19    are hundreds, if not more, images.
20            MR. KILLINGER:  That is true.
21            MR. PEACOCK:  That image is not necessary for the
22    possession count.
23            MR. KILLINGER:  The singular image to Count 6 is that
24    image.
25            THE COURT:  What I am understanding, if Mr. Harding
```

Pauline A. Stipes, Official Federal Reporter

1    wants to plead no contest to Count 6, Mr. Killinger, at a

2    minimum, you would want to be able to present a sufficient

3    amount of evidence, including but not limited to the evidence

4    surrounding that image, since that is what comprises Count 6,

5    to ensure the record has been sufficiently made as to facts

6    sufficient to -- that the Government could prevail on Count 6

7    so the Court could make such a finding.

8         MR. KILLINGER:  Correct.

9         THE COURT:  With that understanding, is that your

10   understanding how a no contest plea would plead out,

11   nevertheless, the Government would have an opportunity to

12   present that information, including that one image, and even

13   though he would be seeking to enter a no contest, that is not

14   admitting to guilt or not guilt, would he nevertheless have to

15   acknowledge that those facts are as they are presented?

16        MR. PEACOCK:  I believe what we would acknowledge,

17   Your Honor could find through the Government's proffer that

18   they had presented substantial evidence to a judge and jury.  I

19   don't think we could -- I am getting a feedback of music.

20        THE COURT:  We were getting it, too, it is not from

21   the courtroom.

22        MR. PEACOCK:  I'm sorry, Judge.  What I said was, my

23   understanding is we would not acknowledge those facts as true.

24   We would simply not contest those facts, and then the Court,

25   through its own satisfaction, could make the finding that that

Pauline A. Stipes, Official Federal Reporter

1    evidence exists, and it is sufficient to support a finding of

2    guilt.

3         THE COURT:  With that understanding -- although it is

4    not a matter of policy, it is not something the Government

5    would want to support or endorse.

6         With the opportunity to present as little or as much

7    evidence as you deem necessary for the Court to make its own

8    finding as to guilt on Count 6, with a no contest plea as to

9    that count and guilty plea as to all other counts,

10   understanding that all the other counts can be supported by

11   facts other than the particular image, but Count 6 can't, does

12   that appear to be a scenario the Government can work with?

13        MR. KILLINGER:  Yes, Judge.  If Your Honor is willing

14   to accept that, we will go forward in that manner.

15        THE COURT:  In your collective experiences, what

16   issues or problems have you seen if you had problems in the

17   past with the Court taking a no contest plea?  Have you seen

18   consequences that have been shown to lead to reversals or

19   undermine the process in any way?

20        MR. KILLINGER:  Your Honor, I can tell the Court I

21   have been doing Federal work now for 21 years and I have never

22   been involved in a no contest or Alford plea, for that matter,

23   I just haven't.

24        I can only point Your Honor to the committee notes

25   under Rule 11 where they discuss no contest pleas, and as far

Pauline A. Stipes, Official Federal Reporter

1    as issues that might arise down the line, one of the things

2    that they point out on page 71 is -- where they talk about no

3    contest pleas in a correctional setting, and may therefore be

4    preferable to resolve guilt or innocence, thus complicating

5    correctional decisions.

6              I am not personally aware nor even anecdotally aware

7    of any problems that have arisen in the past, but something

8    must be the basis for this comment in the committee note.  But

9    again, it all goes to the general opposition in the public

10   interest, you know, that somebody comes in, we all understand

11   why he is doing it, this is a heinous, nasty, violent crime,

12   and he is not admitting it, he is not standing up and admitting

13   he is guilty of the crime, at least that is in the production

14   count.

15             *MR. PEACOCK:*  Your Honor, very briefly, I want the

16   Court to understand something, Mr. Harding doesn't even have

17   counsel on the State case yet.

18             Honestly, I am not qualified to even understand the

19   ins and outs of these charges in State Court, and so, I don't

20   want the Court to get the impression that we are conniving.

21             This is a very, very serious situation for which I

22   strongly believe that the State will pursue a mandatory life

23   sentence on Mr. Harding.  This is a difficult situation we find

24   ourselves in.  This is very serious, it is important.  I want

25   the Court to understand that.

Pauline A. Stipes, Official Federal Reporter

```
 1              THE COURT:  No, I appreciate that.  Thank you.

 2              So, is the alternative if he doesn't plead, all

 3    counsel are ready to go to trial on Monday?

 4              MR. PEACOCK:  We'll be ready.

 5              MR. KILLINGER:  Yes.

 6              THE COURT:  How long is the trial anticipated to take?

 7              MR. KILLINGER:  I would say a week.  Four to five

 8    days, at least.

 9              THE COURT:  Does the Government have your lineup of

10    witnesses?  Approximately how many witnesses?

11              MR. KILLINGER:  Approximately 15.

12              THE COURT:  Okay.  Mostly expert, some expert and lay?

13              MR. KILLINGER:  Two case agents, which are going to be

14    a lot of testimony.  One of them is Special Agent Brian Rey who

15    did all of the computer forensics, and a DNA expert and that

16    may take some time and a couple of the Defendant's -- the

17    Defendant's wife, perhaps her mother, Mr. Harding's

18    mother-in-law, and some other fairly short witnesses that I am

19    going to call just to establish Mr. Harding's whereabouts on

20    the days that certain images were sent and made.

21              THE COURT:  And from the Defense, would you be

22    anticipating any witnesses?

23              MR. PEACOCK:  Your Honor, I would need to discuss this

24    with Mr. Harding, but we might be in a position, I want the

25    Court to know, of not contesting anything at trial.
```

Pauline A. Stipes, Official Federal Reporter

```
 1                THE COURT:  Okay.

 2                MR. PEACOCK:  If we present a witness, it will

 3    probably be one witness, but that is all I anticipate now.

 4                That is if we contest the evidence, which we may very

 5    well not.

 6                THE COURT:  Okay.

 7                Are you on track with the submission of jury

 8    instructions and other obligations at this point?

 9                MR. KILLINGER:  The jury instructions are almost

10    complete, we could have those done probably by today.  We have

11    a witness list and we'll be finishing up the exhibit list

12    probably today or certainly by noon tomorrow.

13                There are quite a few exhibits.

14                THE COURT:  What is your sense of how many jurors

15    would be needed for this type of case?  If you've had other

16    cases of this nature, what is the number of jurors you pulled

17    up that you found sufficient?

18                MR. PEACOCK:  Are you referring to the Government?

19                THE COURT:  Either side.

20                MR. PEACOCK:  I would recommend at least 60.

21                MR. KILLINGER:  The last time we had this, I think I

22    threw out the number 80 the last time, just to make sure that

23    we don't get down to number 60 and we are two jurors short, and

24    we have to call in more.

25                THE COURT:  Well, here is what I am going to propose,
```

1    I need to get to other cases on calendar call.

2              I would like you to work together today to see what,

3    if anything, you can agree to as far as -- at least as to the

4    first five counts, the factual proffer, if you will, that would

5    support the guilty plea to which the Defendant would

6    acknowledge such facts in open court without any pause or

7    concern, and go through that scenario with each other.

8              Similarly, I would like you both to discuss Count 6

9    and what the Government would propose presenting in court so

10   that Mr. Peacock understands that and that can be communicated

11   to Mr. Harding, and I want to look into the no contest plea a

12   little more.

13             I am going to spend today doing that, to be able to

14   answer the question whether the Court would accept it.

15             I haven't seen anything in writing.  I am hearing for

16   the first time what was contemplated and why.

17             I would like to look into that.  Maybe I agree and

18   maybe I don't.

19             If I don't, what I am hearing is, that would take away

20   the option of a plea and it would go to trial.

21             It may be I am willing to do it, but it may be when

22   you confer with one another, you can't reach a meeting of the

23   minds as to what is going to be stipulated to as to Counts 1

24   through 5 and what is acceptable as far as presentation in

25   Count 6.

| | |
|---|---|
| 1 | If we both do our parts looking into these issues, |
| 2 | what I would like is to get a status report from counsel to be |
| 3 | filed at the end of the day today where you have arrived on all |
| 4 | of these issues, and in the meanwhile, I will -- whether you |
| 5 | believe a plea can go forward in the event the Court accepts a |
| 6 | no contest plea. |
| 7 | If you have anything to offer on the no contest plea |
| 8 | from your own point of view, include that in the status as |
| 9 | well. |
| 10 | Why don't we say you don't have to file the jury |
| 11 | instructions, witness list, exhibit list, until the end of the |
| 12 | day tomorrow. |
| 13 | Everyone can see whether a plea can be worked out and |
| 14 | the Court will let you know whether it would accept a no |
| 15 | contest plea as to Count 6. |
| 16 | If the Court has any more questions about that upon |
| 17 | further research, it will let you know. |
| 18 | Sometime before noon tomorrow I will let you know |
| 19 | whether the Court is going to accept it, which would give you |
| 20 | until the end of the day to file jury instructions, exhibit and |
| 21 | witness list so you are not unnecessarily doing that today if |
| 22 | in fact it looks like a good possibility the plea is going to |
| 23 | go forward. |
| 24 | Does that make sense? |
| 25 | MR. PEACOCK:  Yes. |

Pauline A. Stipes, Official Federal Reporter

1           MR. KILLINGER:  Yes.

2           THE COURT:  The sooner you file a status report

3   letting me know you worked out the colloquy, stipulated facts,

4   anything you can shed light on Count 6 to enlighten me to

5   present that issue -- it has not been presented before, it did

6   in State, but different circumstances -- I will look into it as

7   well.

8           I would plan on trial for all intents and purposes

9   right now.

10          It will take the Court accepting a no contest plea and

11  the parties being able to work out the factual proffer.

12          If it is not worked out, this will be the case to go

13  to trial on Monday, here in Ft. Pierce, at 9:00 a.m. with all

14  of the jury instructions and witness list to be filed by five

15  o'clock on Thursday, including any proposed voir dire

16  questions, other than the standard ones that I ask.

17          Anything further that you think we need to discuss

18  related to this case?

19          MR. PEACOCK:  No.

20          MR. KILLINGER:  No, Your Honor.

21          THE COURT:  Okay, thank you, I will look for the

22  status report by 5:00 today or sooner.

23          (Thereupon, the hearing concluded.)

24

25                              * * *

```
 1              I certify that the foregoing is a correct transcript

 2    from the record of proceedings in the above matter.

 3

 4         Date:  June 25, 2016

 5                        /s/ Pauline A. Stipes, Official Federal Reporter

 6                           Signature of Court Reporter

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```