```
 1                 UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
 2                      FORT PIERCE DIVISION

 3              CASE NO. 15-CR-14057-ROSENBERG

 4

    UNITED STATES OF AMERICA,      .
 5
        Plaintiff,                 .
 6
             vs.                   .
 7
    MICHAEL HARDING,               .  Fort Pierce, FL
 8                                 .  February 19, 2016

 9  Defendant.                     .

10
                 STATUS CONFERENCE PROCEEDINGS
11       BEFORE THE HONORABLE ROBIN L. ROSENBERG
              UNITED STATES DISTRICT JUDGE
12

13

14  APPEARANCES:

15

16  FOR THE PLAINTIFF:      DANIEL FUNK
                            RUSSELL KILLINGER
17                          United States Attorney's Office
                            101 S. U.S. Highway 1
18                          Suite 3100
                            Fort Pierce, FL 34950
19                          305-905-7509

20  FOR THE DEFENDANTS:     FLETCHER PEACOCK, ESQ.
                            Federal Public Defender's Office
21                          109 North 2nd Street
                            Fort Pierce, FL 34950
22                          772-489-2123

23  Official Court Reporter:   Pauline A. Stipes
                            Fort Pierce/West Palm Beach
24                          772-467-2337
                            HON. ROBIN L. ROSENBERG
25
```

Pauline A. Stipes, Official Federal Reporter

AO386-C
GOVERNMENT
EXHIBIT

CASE
NO.   18-CV-14359-RLR

EXHIBIT
NO.   7

```
 1          THE COURT:  Good morning.  We are here in U.S.A.
 2   versus Harding, Case Number 15-14057.  I know everybody is
 3   appearing by phone.
 4          MR. KILLINGER:  Good morning, Russell Killinger and
 5   Daniel Funk for the United States.
 6          MR. PEACOCK:  Fletcher Peacock on behalf of Mr.
 7   Harding.
 8          THE COURT:  All right.  Since we last spoke on last
 9   Wednesday, I know you have been in touch with the office, and I
10   have seen emails where the Government and Defense have arrived
11   at an agreement as relates to, I think, four of the six counts.
12   I want to size up where we are right now based on my
13   understanding.
14          My understanding is that the parties worked together
15   and have arrived at a factual proffer, a stipulation that when
16   and if the Court goes forward with the plea, at least as to the
17   first four counts, the Government would be proffering facts to
18   which when the Court turns to the Defense, and Defense would
19   agree that those are facts that the Government could prove
20   beyond a reasonable doubt.  They contain the essential
21   elements, and they are sufficient for the Court to make a
22   finding that the Defendant committed the acts set forth in the
23   first four counts.
24          Is that correct?
25          MR. PEACOCK:  Yes, ma'am.  This is Mr. Peacock, yes.
```

1          MR. KILLINGER:  Russell Killinger for the Government.

2          To be perfectly clear, the understanding between the

3     parties is that Mr. Harding would be admitting his guilt as to

4     Counts 1 through 4 on a straight guilty plea, just like a

5     normal regular guilty plea.

6          THE COURT:  Right.

7          MR. KILLINGER:  The only two counts he would be asking

8     the Court to accept a no contest plea would be Counts 5 and 6.

9          THE COURT:  Right.

10          MR. KILLINGER:  And then the Government has requested

11     we be allowed to make a factual proffer into evidence for the

12     Court's sake more than anything else, and I guess have Mr.

13     Peacock at least acknowledge that, based on his investigation

14     of the case and going over discovery, that the facts that the

15     Government recites, he agrees that those facts would be

16     admitted in court and would support -- it would be enough to

17     get to the jury.

18          THE COURT:  Is that correct, Mr. Peacock?

19          MR. PEACOCK:  Your Honor, with regard to 5 and 6, I

20     would just intend on saying we plead no contest.

21          I don't feel comfortable acknowledging the facts.

22     That is my whole point.

23          THE COURT:  Let's take a step back.  I want to revisit

24     some of the issues raised as to why the desire to have the no

25     contest plea to begin with.

```
 1              Let me be clear.  Did you say there is a current

 2    pending State Court case against the Defendant or not?

 3              MR. PEACOCK:  Your Honor, I will defer to the

 4    Government on this, they may know more than I do.

 5              My understanding is that charges have been prepared,

 6    drafted, and I don't know where it has gone from there.  There

 7    are prosecutors assigned and they intend to bring multiple

 8    counts of capital sexual battery and lewd and lascivious.

 9              MR. KILLINGER:  I will clarify the matter.

10              There have been warrants, arrest warrants prepared and

11    signed, not executed because he is in Federal custody, but

12    there are arrest warrants prepared and signed and are ready to

13    be executed when the State deems it timely to execute and start

14    their criminal process.

15              My understanding is there are arrest warrants for both

16    one count of capital sexual battery involving the nine year old

17    stepdaughter and another count involving the five year old

18    stepdaughter which, quite frankly, does not really factor into

19    the Federal case at all.

20              THE COURT:  Which one, the five year old?

21              MR. KILLINGER:  Correct.

22              THE COURT:  But the nine year old, it does?

23              MR. KILLINGER:  Yes, the nine year old is the victim

24    of Count 6 and Count 5, attempted enticement.

25              THE COURT:  The five year old is not involved in the
```

```
 1   Federal case?
 2           MR. KILLINGER:  No.  No.
 3           MR. PEACOCK:  And for caution, Your Honor, I would
 4   add, though, that the admission in the Federal case could
 5   affect the case with the five year old as well.  That is also a
 6   capital battery, sexual battery count.
 7           THE COURT:  Mr. Killinger, were you discussing what
 8   was happening at the State level?
 9           MR. KILLINGER:  That is where we are at.  Arrest
10   warrants are in place, they have been signed by a judge, and
11   it's just a matter of timing when they are going to serve the
12   warrants and bring him into the State system.
13           THE COURT:  It is not a matter of if, it is a matter
14   of when?
15           MR. KILLINGER:  Correct, Your Honor.
16           THE COURT:  Now, with respect to Count 5 and/or Count
17   6, is it the case -- is it going to be a factual proffer that
18   suggests evidence that the Defendant committed the acts that
19   involved the eight year old or nine year old on more than one
20   occasion or one occasion?
21           MR. KILLINGER:  More than one occasion.
22           Can I clarify that?
23           THE COURT:  Yes.
24           MR. KILLINGER:  Count 6, which is the production
25   count, that is a singular image that we recovered from the cell
```

 1    phone.

 2           So, for Count 6, it would be -- as far as the proof is

 3    concerned, it would be on November 17, 2014, the video was

 4    taken on the cell phone, we have the actual image.

 5           THE COURT:  This is a video of the Defendant with the

 6    stepdaughter?

 7           MR. KILLINGER:  We have a still image -- forensic

 8    evidence indicates there is a video made and deleted, but the

 9    thumbnail image clearly showing the sexual activity remained on

10    the phone.

11           THE COURT:  Okay, between the Defendant and

12    stepdaughter?

13           MR. KILLINGER:  Correct.

14           THE COURT:  Count 5.

15           MR. KILLINGER:  Count 5, there is an attempted

16    enticement where there are a number of chats, and during those

17    chats Mr. Harding on more than one occasion graphically

18    describes the various sexual acts that he has performed on his

19    stepdaughter.

20           That is why I say I think Count 5 -- the evidence

21    supporting Count 5 would be multiple -- his own statements that

22    he committed sexual battery on his nine year old stepdaughter

23    multiple times.

24           THE COURT:  Uh-hum.  So, one of the issues that, Mr.

25    Peacock, you raised, by admitting to 5 and 6, that that would

Pauline A. Stipes, Official Federal Reporter

1   have, you know, implications potentially for the Defendant as

2   relates to the potential State charges, which don't sound so

3   potential, they sound imminent, and including but not limited

4   to a sentence that could put him in a position of facing life.

5        Those were my notes from when you represented the

6   facts to me on Wednesday.  Is that correct?

7        *MR. PEACOCK:*  That is correct, it is mandatory life.

8        *MR. KILLINGER:*  My understanding, if he is convicted

9   on a capital sexual battery, there is only one sentence the

10  Court can impose and that is a mandatory life sentence.

11       *THE COURT:*  Now, in the Federal case, assuming -- let

12  me ask the position of the parties.  Again, this is getting

13  ahead because we are not at sentencing, but these are factors

14  that I am weighing.

15       What has been your experience and expectation with

16  respect to acceptance of responsibility when four of the counts

17  are guilty and the other two are not?

18       *MR. KILLINGER:*  If you don't mind, I will jump right

19  in.

20       *THE COURT:*  Okay.

21       *MR. KILLINGER:*  Bear with me one minute.

22       As I understand it -- excuse me, I am getting the case

23  that I pulled.

24       I did find a Sixth Circuit Court of Appeals case at

25  925 F.2d 900, and that is United States versus Tucker.

1          In that case, at paragraph -- in that case, towards

2     the end of the opinion, the Sixth Circuit then refers to an

3     Eleventh Circuit case, which is United States versus Rodriguez,

4     905 F.2d 372, 1990, and the Sixth Circuit -- I will read it.

5          It says:  While not deciding this issue for us today,

6     they held that an Alford plea does not necessarily bar such a

7     reduction.  The Court expressly restated that we are inclined

8     to think that such a per se rule that an Alford plea bars an

9     acceptance of responsibility reduction would not be within the

10    intent of the guidelines.

11         The Sixth Circuit case says:  We are not required to

12    conclusively resolve the issue because the District Court had

13    not automatically precluded acceptance of responsibility.

14         Apparently the issue in Rodriguez was that the

15    Court -- the lower Court took the position that it had no

16    discretion to even consider acceptance in a no -- Alford guilty

17    plea.

18         I've discussed this with Mr. Funk and everything --

19    and it is kind of an interesting situation.

20         THE COURT:  Can you give me the cite again?  I am not

21    finding it.

22         MR. KILLINGER:  I am sorry, 990 -- 925 F.2d, 990.

23         THE COURT:  Okay, hold on.

24         This is the Tucker case.

25         MR. KILLINGER:  This would be an interesting kind of a

Pauline A. Stipes, Official Federal Reporter

```
1    hybrid because he is pleading guilty to four out of the six

2    counts.

3            I think the Government's position -- because I have

4    done the research, I think the Government would be hard pressed

5    to argue to the Court that the Court couldn't at least consider

6    acceptance of responsibility based on the guilty plea to four

7    counts and that a nolo plea, I don't think per se precludes

8    consideration of -- consideration of acceptance of

9    responsibility.

10           THE COURT:  Okay.

11           MR. PEACOCK:  Can I interject two things, Your Honor?

12   Fletcher Peacock.

13           First, in my experience, in an acceptance of

14   responsibility question, the Court is under an abuse of

15   discretion standard.  You have great discretion to determine

16   that one way or the other.

17           It is abuse of discretion standards, and you have wide

18   discretion in that regard.

19           The second thing I want to be clear about is Mr.

20   Killinger used the term "Alford plea".

21           In my research, there is a distinction between an

22   Alford plea and no contest or nolo.  It is the Defendant's

23   intention to enter a nolo plea, otherwise known as a no

24   contest.

25           The State doesn't use the term Alford, I don't want to
```

1    get into those distinctions.  What I am requesting is that the

2    Court accept a nolo plea in this case.

3              THE COURT:  Okay.

4              MR. KILLINGER:  I agree with that, Judge, and one

5    final thought.

6              In a nolo contendere plea, which is what we are

7    talking about, the Defendant is -- he is not admitting guilt,

8    but he is not denying guilt either.

9              THE COURT:  Right.

10             MR. KILLINGER:  That is why I made those comments

11   about acceptance of responsibility.

12             We all know -- if we go forward on this, we know why

13   we are doing it, and there are other cases that are similar to

14   this where Defendants go to trial not because they refused to

15   accept responsibility, but because they are preserving an issue

16   for appeal that is dispositive --

17             THE COURT:  Okay, I had another question.  Again, it

18   may appear I am jumping ahead, but these are factors I am

19   taking into account in light of the reason purported as to the

20   no contest plea, and that is the potential for mandatory life

21   in the State case.

22             Is this a case you believe -- that is why I asked the

23   question whether Counts 1 through 4 involved more than one

24   instance -- that the Guideline Section 4B1.5(b)(1) enhancements

25   for repeat and dangerous sex offenders against minors might

1  apply, which would result in a five point enhancement?

2  Have you looked at that issue?

3  MR. KILLINGER:  We have, Your Honor, and we are

4  applying that.  When I say we, the Government, we are

5  proceeding under the -- under our theory that it would apply,

6  and those five points would factor into the calculation of the

7  guidelines.

8  THE COURT:  If that is the case, and again, not making

9  any determinations whatsoever, but trying to cover all of the

10  potential issues, by my rough calculation, if that is the case,

11  and he has no -- I don't even know.  Let's assume, best case

12  scenario, he has no criminal history category, or I.

13  MR. KILLINGER:  He does not.

14  THE COURT:  It looks like it would be a guideline base

15  offense level of potentially 49, and even with a full three

16  point acceptance of responsibility, under the guidelines, he is

17  still looking at life, which raises the question to me -- it

18  doesn't suggest mandatory life, but perhaps that is the

19  distinction.

20  I am trying to understand again.

21  His guidelines are way up there, particularly with the

22  four, five level enhancement, and with no acceptance of

23  responsibility, it is a 49.  If there is three point acceptance

24  of responsibility, it is 46, potentially, I could be off.  I am

25  not suggesting these are definitive calculations.

| | |
|---|---|
| 1 | 43 is life, and even 42, it is 360 to life. |
| 2 | Is it your case, Mr. Peacock, that because it is not |
| 3 | mandatory life, that the Defendant holds this position of |
| 4 | wanting the no contest plea? |
| 5 | *MR. PEACOCK:*  That is correct, Your Honor. |
| 6 | You are not far off.  I guess I am not prepared to |
| 7 | give any definitive statement. |
| 8 | I have gone over the guidelines with the Probation |
| 9 | Officer, and you are not off; however, you know I mean, I am |
| 10 | not hiding the ball in the sense I hope down the road I could |
| 11 | convince Your Honor that is not an appropriate sentence in this |
| 12 | case. |
| 13 | For that reason I want to put Mr. Harding in as good a |
| 14 | light is a possible, and I want to reduce what the ultimate |
| 15 | range is if I can do so with acceptance of responsibility. |
| 16 | It is all relative to the sentencing position in this |
| 17 | case should Your Honor accept the plea.  That is our purpose. |
| 18 | Obviously, Mr. Harding is going to challenge the State |
| 19 | case, and that is the heart of our effort to get a no contest |
| 20 | plea, so he can go there. |
| 21 | Once again, Judge, I am not qualified to advise him on |
| 22 | a capital sexual battery case in State Court, as I think I |
| 23 | indicated to the Court at several calendar calls, I am not able |
| 24 | to counsel him. |
| 25 | He does not have counsel, and he does want to contest |

Pauline A. Stipes, Official Federal Reporter

```
 1    those charges, and I think that he can put up a meaningful
 2    defense in State Court.
 3            Ultimately, we do want to avoid the life sentence in
 4    the Federal case and State case.
 5            THE COURT:  My next level of inquiry is the following:
 6    Am I to understand the victim stepdaughter and -- the victim
 7    stepdaughter, nine year old stepdaughter who is the one at
 8    issue in the Federal case, that young girl and her mother and
 9    any other family members who are involved, who know about what
10    happened, that they don't object to a no contest plea, or is it
11    that they support a no contest plea?
12            What is the thought and sentiment?  Maybe the
13    Government can let me know of the victim and the victim's
14    family as relates to a no contest plea for those two counts.
15            MR. KILLINGER:  Yes, Your Honor, both Mr. Funk and I
16    have had several lengthy discussions with Ashley Harding, who
17    is the wife of the victim -- the mother of the victim girls,
18    and also her mother, which is the grandmother.
19            THE COURT:  I'm sorry, Ashley Harding, she is married
20    to the Defendant now?
21            MR. KILLINGER:  She is.
22            THE COURT:  Okay, she is the mother of the victim
23    girls, but the girls are from another marriage, they are
24    stepdaughters, right?
25            MR. KILLINGER:  Correct.
```

1          THE COURT:  You had contact with Ashley Harding and

2     Ashley's mother?

3          MR. KILLINGER:  Ashley's mother, Wilma Stevens, the

4     same day we came up for the calendar call.

5          THE COURT:  Okay.

6          MR. KILLINGER:  Judge, I will tell the Court they are

7     certainly angry, as anyone can imagine, and they want to see

8     Mr. Harding punished and they want to see him punished a lot.

9          I explained what we were going to accomplish, plead

10    guilty to four counts and no contest to the other two counts,

11    and he is exposing himself to a potential life sentence in

12    Federal Court.

13         Quite frankly, if his guidelines come out to life, the

14    Government is going to ask you to give him life.  The Court has

15    discretion, it is not mandatory.

16         They have some of their own concerns.  The mother,

17    Ashley Harding, would like to limit the publicity surrounding

18    this case and particularly the -- as she put it, she wants as

19    few as possible to have to look at the image of the daughter.

20         THE COURT:  Did you say as few people as possible?

21         MR. KILLINGER:  That is correct.

22         They don't relish or want a trial and testifying in

23    this case.

24         They support the plea that the Government has -- they

25    support the fact that he is going to essentially accept

```
 1    punishment as to all six counts up to potentially life in
 2    prison.
 3              THE COURT:  Now, let me ask something, number one --
 4    two questions.  Number one, in the -- in the event the case
 5    went to trial -- this is one of the questions I posed, and I
 6    think there was an email response.  I want to be clear.
 7              Would the victim, victim's mother, grandmother be
 8    called to testify; if so, by whom, and would the image be
 9    shown?
10              MR. KILLINGER:  Yes, Your Honor.  Ashley Harding, the
11    victim's mother, has seen the image, and she would be called to
12    testify that her daughter's face is clear in the image, there
13    is no doubt it is the daughter.
14              The only thing in the image that is clear is the penis
15    of Mr. Harding, which has some distinctive characteristic to
16    it, which obviously she is familiar with, and she would be
17    called and have to look at this image and have to look at the
18    jury and acknowledge that that is her daughter and that is the
19    Defendant in that image.
20              The grandmother would also have to be called not so
21    much to look at the image, but she would have to be called to
22    relive finding the sexual apparatuses that were found in the
23    house and also as a part of the chain of custody for one of the
24    apparatuses that the DNA of the minor stepdaughter was found
25    on.
```

Pauline A. Stipes, Official Federal Reporter

1              She would have to testify as well.

2              THE COURT:  The minor stepdaughter?

3              MR. KILLINGER:  The Government does not anticipate

4      calling the minor stepdaughter.

5              I leave that to Mr. Peacock, because I told him that

6      he didn't have to issue a subpoena and have a process server,

7      if he was going to call the daughter, I would make her

8      available.

9              And so, I will leave that to Mr. Peacock.

10             THE COURT:  Mr. Peacock.

11             MR. PEACOCK:  Your Honor, the stepdaughter is under

12     subpoena.

13             It has been a relatively amicable process in that

14     regard, I want the Court to know.  The family accepted process,

15     there wasn't any problem.

16             I am not saying we are going to call her.  I did that

17     in an abundance of caution.  I didn't want to end up in a trial

18     posture if I needed that witness.  We won't know until we are

19     actually there whether it is going to be necessary.

20             I honestly don't think it will be, but, once again, in

21     an abundance of caution I served the subpoena and I apologized

22     to Mr. Killinger.  I didn't realize the Government was going to

23     accept that.  I certainly would have gone that route.  I didn't

24     realize that they were in that position.

25             That is where we are on that.

 1          THE COURT:  Mr. Killinger, you know of no one who
 2   opposes the scenario that has been presented, pleading guilty
 3   to four counts and no contest to two?
 4          MR. KILLINGER:  Unless you consider the whole
 5   Department of Justice being a person.
 6          THE COURT:  Yes, I am going to revisit that in a
 7   moment.
 8          MR. KILLINGER:  No, Judge, the victims have been
 9   consulted, they are on board with it.
10          As a matter of policy, I can't consent to it.
11          The main Justice -- I contacted main Justice, and they
12   said this was not a case that they would give me permission to
13   consent, therefore I am in a position where I have to maintain
14   the Government's objection.
15          THE COURT:  Okay.
16          Well, I understand as a representative of the
17   Department of Justice what you are saying is their policy.
18          It nevertheless seems as if you are working
19   cooperatively with Mr. Peacock, which doesn't suggest you are
20   undermining the Department of Justice's policy, I appreciate
21   you doing so.  You have done so at the request of the Court to
22   answer certain questions of the Court.
23          Is there anything other than the Department of
24   Justice, I guess, policy manual and position, not to minimize
25   it, but is there anything else that you believe you should

1   bring to the Court's attention as to why this is not an

2   acceptable arrangement to do a guilty plea to four counts and

3   not guilty -- no contest plea to 5 and 6, not just any of the

4   counts, particularly they are 5 and 6, and the ones involving

5   the stepdaughter.

6          Can you explain to the Court the reason or reasons why

7   the Court should not accept this?

8          *MR. KILLINGER:*  I am hard pressed to do that.

9          This is not -- I understand the policy reasons behind

10   objecting to no contest pleas generally, but there are some

11   extraordinary circumstances which on occasion call for them.

12          So, the answer to your question, Judge, is there is no

13   collateral consequences for the Government, for the Federal

14   Government that I can think of that would result from this

15   plea.

16          We are not agreeing to dismiss any charges; in fact it

17   is just the opposite.  He is agreeing to plead guilty to four

18   of them.

19          The entire case is going to be resolved in Federal

20   Court, and the Court can impose punishment to all of the

21   charges.  He is not in any way walking away with a sweetheart

22   deal in this case, and we have a strong case.  That is why we

23   are at this point.  So..

24          *THE COURT:*  So, just to recap, as to the first four

25   counts, you worked out the factual proffer, even though there

1    is not going to be something in writing, but the Government

2    will stand up and state the facts and the Defense will

3    acknowledge in the normal plea colloquy that you agree that the

4    Government can prove the facts and that they contain the

5    elements and in fact admitting that they, if proven -- it would

6    go to the jury, that it would go to the jury.

7            So, Mr. Peacock, you are in a position to do that as

8    to the first four counts, correct?

9            MR. PEACOCK:  Yes, ma'am.

10           THE COURT:  And as to the last two counts, the

11   Government is going to put on more extensive evidence.  Does

12   the image come in in your presentation of the evidence in the

13   plea colloquy?

14           MR. KILLINGER:  I hadn't thought of that specifically,

15   Judge.

16           Off the top of my head, I don't think the image has to

17   come in at the change of plea.  The image will be published to

18   Your Honor at sentencing.  At the change of plea, no.  We can

19   describe the image sufficiently to suffice the elements of the

20   crime.

21           MR. PEACOCK:  Your Honor, there has been a factual

22   basis prepared on Counts 5 and 6 also, and that has been

23   provided to the Defense.

24           THE COURT:  In this instance, what is different from

25   the first four?  Defense is not going to say you agree the

1    Government can prove this by a preponderance of the evidence,

2    you are simply going to say we don't contest these facts?

3         MR. PEACOCK:  That is correct, Your Honor.  We choose

4    not to challenge the Government's proof in this case.

5         THE COURT:  And we agree that under -- as I understand

6    it, under Rule 11(a)(3), the Court's acceptance of a no contest

7    plea is not contingent upon Government consent, correct?

8         MR. KILLINGER:  That is correct, Your Honor.

9         MR. PEACOCK:  That is correct, Judge.

10        THE COURT:  I don't hear the Government saying if you

11   can confirm you are not taking the position -- I understand

12   what the Department of Justice position is.  You, as the

13   attorney in this case, knowing what is involved, are not saying

14   this in fact -- I am going to ask it one way, I may rephrase

15   it -- the issue, among others, that you raised at the calendar

16   call was whether the plea serves the public interest in the

17   effective administration of justice.

18        Do you believe, Mr. Killinger, with the Court

19   accepting guilty pleas as to four counts and no contest to the

20   other two that serves the public interest in the effective

21   administration of justice in this case?

22        MR. KILLINGER:  In this case, I do for a lot of the

23   reasons I think I stated a few minutes ago.

24        THE COURT:  Okay.

25        MR. KILLINGER:  We are not dropping counts.  He is not

Pauline A. Stipes, Official Federal Reporter

1    pleading to reduced charges, and he is accepting the full range

2    of punishment just as if we had gone through a week-long trial

3    and the jury found him guilty of all of the charges.

4         THE COURT:  Okay.

5         The Government doesn't see any risk accepting the no

6    contest plea from the Defendant of 4 and 5 in this case who

7    might be innocent of these charges?

8         MR. KILLINGER:  Absolutely not.

9         THE COURT:  5 and 6.

10        MR. KILLINGER:  Absolutely not.

11        THE COURT:  Does the Defendant hold any position that

12   the Court runs the risk of accepting a no contest plea from an

13   innocent defendant, Mr. Peacock, for Counts 5 and 6?

14        MR. PEACOCK:  Just to make clear, Mr. Harding does

15   intend to challenge those allegations in State Court.

16        I take no position with regard to that, Your Honor.

17   We just choose not to contest the Government's proof on 5 and

18   6.

19        THE COURT:  Okay.  How soon is he available and ready

20   to proceed with the plea?

21        MR. PEACOCK:  He is available at your convenience,

22   Judge.  He is in St. Lucie County Jail.

23        Judge, I said he is ready at your convenience, only --

24   I have gone over this with Mr. Harding.  He understands the

25   principles, legal principles, factual situation, he understands

 1    the legal implications when it comes to sentencing.  He

 2    understands a plea of no contest has the same validity as any

 3    other guilt finding by the Court.  We have gone through that

 4    whole scenario of possibilities and options in his case.

 5              *THE COURT:*  Okay.

 6          Well, the Court recognizes -- and there is a case,

 7    United States versus AEM, Inc., 718 F.Supp. 2d 1334, 2010,

 8    which is a very good opinion.

 9          The facts are completely different from this case, but

10    the Court went through a very thorough analysis and rendered an

11    opinion by that particular judge, Judge John Anton, II.  It was

12    a series of ten factors that he considered as to why he

13    ultimately decided in a completely different kind of case to

14    accept a no contest plea, and began the opinion by indicating

15    the fact that the concept of a nolo contendere plea, also nolo,

16    is extraordinary.  It is a means by which a criminal Defendant

17    may be subject to a criminal offense without admitting guilt.

18    A plea of nolo stands as a plea of guilty.  That is Federal

19    Rule of Criminal Procedure 11.

20          Advisory committee note:  The difference is a plea of

21    nolo contendere is viewed not as an expressive admission of

22    guilt, but by consent of the Government, he would be guilty and

23    is a plea of leniency.  Although nolo pleas are specifically

24    authorized under the Federal procedure, District Courts have

25    broad discretion if they should be accepted.

1    Historically, the acceptance of nolo pleas have varied

2    from court to court, and while the view of the Government is

3    whether a nolo plea should be accepted by the Court is

4    important, Rule 1183 does not make acceptance contingent upon

5    Government consent.

6    The Government's position ordinarily has bearing on

7    the ultimate question of whether the plea serves the public

8    interest and the effective administration of justice.

9    Answering this question requires a case-by-case analysis.  Nolo

10   contendere pleas most often do not serve the public interest,

11   but the circumstances must be examined to determine the cost

12   and benefit of such a disposition.

13   Again, while the factors and analysis are helpful to

14   the Court, and I've studied them, I find that it is not

15   directly applicable insofar as this is a wholly different case

16   from the case that was at issue.  That involved corporate

17   Defendants and responsibility for criminal conduct of original

18   corporate Defendants.

19   So, I am satisfied that even though the Government has

20   represented to me that as a matter of policy by way of the

21   Department of Justice's position it doesn't agree or consent to

22   the no contest plea as to Counts 5 and 6, but it seems to me,

23   based on the case law, the ultimate and essential question is

24   whether in this case the public interest in the no contest plea

25   serves the public interest and the effective administration of

Pauline A. Stipes, Official Federal Reporter

 1    justice.

 2            And Mr. Killinger unequivocally stated that it has and

 3    does, and I am persuaded by that not only because of your

 4    representation, but because of everything we have gone through.

 5    And for all of the reasons and discussions that have been

 6    stated on the record, including the most paramount importance,

 7    the fact that the victims, if this did not occur -- I guess I

 8    will ask that last question, Mr. Peacock.

 9            If the Court did not accept the no contest plea, is

10    Mr. Harding prepared to go to trial?

11            MR. PEACOCK:  He is prepared to go to trial, yes,

12    ma'am.

13            THE COURT:  Understanding that, and understanding

14    while it would not be an overly lengthy trial -- and that is

15    one of the factors the Court considered in the AEM case.  I

16    decided not the length of the trial, but more importantly in

17    this case, the requirement that the mother testify, that the

18    grandmother testify, potentially the stepdaughter because she

19    is under subpoena to relive this horrific experience, to expose

20    the victim to publicity, the presentation of the photograph, to

21    me reinforces -- coupled with all of the other reasons that we

22    discussed, including that he will still face punishment as to

23    all six counts -- the punishment is severe.

24            All counsel are free to argue at sentencing what their

25    respective positions are, but we all agree the guidelines could

```
 1   very well put him at the life category for a sentence, albeit

 2   one that is not mandatory, as may be the case in State Court.

 3            And so, for all of those reasons, the Court has

 4   carefully considered this matter since it was brought to the

 5   Court's attention for the first time on Wednesday at calendar

 6   call, and concludes and is satisfied that this scenario of

 7   pleading guilty to the first four counts and no contest as to

 8   Counts 5 and 6 serves the public interest and the effective

 9   administration of justice, and therefore the Court will accept

10   a no contest plea for Counts 5 and 6, and is setting the plea

11   for Monday morning at 9:30 a.m. in Ft. Pierce.

12            Is there anything further that anyone needs to bring

13   to my attention?

14            MR. KILLINGER:  I don't think so, Judge.  We pretty

15   much covered everything.  I have a question, though.  Could you

16   read the cite off for that case?

17            THE COURT:  718 F.Supp. 2d 1334, a Middle District of

18   Florida 2010 case.

19            MR. KILLINGER:  Thank you.

20            THE COURT:  Okay.  Nothing further, Mr. Peacock?

21            MR. PEACOCK:  No, ma'am.

22            THE COURT:  All right.  We will see you Monday morning

23   at 9:30.

24            Ms. Williams is going to work with the Marshals to be

25   sure the Marshals will have the Defendant there.
```

1          Have a nice day.

2          *(Thereupon, the hearing was concluded.)*

3                              * * *

4          I certify that the foregoing is a correct transcript

5    from the record of proceedings in the above matter.

6

7          Date:   June 28, 2016

8                         /s/ Pauline A. Stipes, Official Federal Reporter

9                              Signature of Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Pauline A. Stipes, Official Federal Reporter