UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS. 2:18-CV-14359-ROSENBERG
AND 2:15-CR-14057-ROSENBERG

MICHAEL EDWIN HARDING,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE SENTENCE, AND CLOSING CASE

This matter comes before the Court upon Movant Michael Edwin Harding's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed at DE 1 under Case No. 2:18-CV-14359 and at DE 158 under Case No. 2:15-CR-14057. The Court referred the Motion to Magistrate Judge William Matthewman for a Report and Recommendation on all dispositive issues. On August 13, 2021, Judge Matthewman issued a Report and Recommendation in which he recommended that the Motion be denied. DE 72 under Case No. 2:18-CV-14359. Movant filed Objections to the Report and Recommendation. DE 80 under Case No. 2:18-CV-14359.

The Court has conducted a *de novo* review of the Report and Recommendation, Movant's Objections thereto, and the entire record and is otherwise fully advised in the premises. The Court adopts Judge Matthewman's credibility determinations and factual findings. *See United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010) (citing *United States v. Raddatz*, 447 U.S.

667 (1980) for the proposition that a district court may adopt a magistrate judge's findings of fact without holding a new hearing).  The Court agrees with the analysis and conclusions in the Report and Recommendation and finds Judge Matthewman's recommendation to be well reasoned and correct.

The Court adds that Movant impermissibly attempts to expand the scope of Ground 3 through his Objections.  Movant asserts in his Objections under Ground 3 that his counsel was ineffective for failing to object that the plea colloquy was insufficient because it did not advise him of the Sentencing Guidelines calculation.  However, Ground 3 in his Motion argued only that counsel was ineffective for failing to object that the plea colloquy was insufficient because it did not advise him that he would be subject to mandatory sex-offender registration and possible indefinite civil commitment.  DE 1-1 at 10 under Case No. 2:18-CV-14359.  Movant did not amend his Motion to raise an argument under Ground 3 related to the Sentencing Guidelines calculation.

Grounds 5 and 6 of the Motion raise issues that either were or could have been raised on direct appeal.  The Court rejects Grounds 5 and 6 for this additional reason.  *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." (quotation marks omitted)); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (alteration and quotation marks omitted)).

As to Ground 7, the Court adds that the Federal Rules of Evidence do not apply during a sentencing hearing. Fed. R. Evid. 1101(d)(3). As to Movant's objection that he was deprived of an evidentiary hearing on issues relevant to Grounds 1 and 5, the Court concludes that he was not entitled to an evidentiary hearing on those issues because the motion, files, and record conclusively show that he is entitled to no relief. *See* 28 U.S.C. § 2255(b).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge William Matthewman's Report and Recommendation [DE 72 under Case No. 2:18-CV-14359] is **ADOPTED** as the Order of the Court.

2. Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [DE 1 under Case No. 2:18-CV-14359; DE 158 under Case No. 2:15-CR-14057] is **DENIED**.

3. A certificate of appealability **SHALL NOT ISSUE**.

4. The Clerk of the Court is instructed to **CLOSE Case No. 2:18-CV-14359**. All deadlines are **TERMINATED**, all hearings are **CANCELLED**, and all motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of September, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record